IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERISURE MUTUAL INSURANCE
COMPANY, a foreign corporation, and
AMERISURE INSURANCE COMPANY,
a foreign corporation,

          Plaintiffs

vs.                                  CASE NO.: 3:08-CV-645-J-32HTS

THE AUCHTER COMPANY,
a Florida Corporation, and
AMELIA ISLAND COMPANY,
a Florida Corporation,

          Defendants.
_____/

**AMENDED COMPLAINT
FOR DECLARATORY RELIEF
(JURY TRIAL DEMANDED)**

      AMERISURE INSURANCE COMPANY, ("Amerisure"), and AMERISURE MUTUAL INSURANCE COMPANY, ("Amerisure Mutual"), pursuant to 28 U.S.C. §2201, Complain and Petition for Declaratory Relief as follows:

      1.     Declaratory Plaintiff, AMERISURE INSURANCE COMPANY, ("Amerisure"), is a foreign corporation organized, and existing under the laws of the State of Michigan and having a principal place of business in the State of Michigan.

      2.     Declaratory Plaintiff, AMERISURE MUTUAL INSURANCE COMPANY, ("Amerisure Mutual"), is a foreign corporation organized and existing under the laws of the State of Michigan, and having a principal place of business in the State of Michigan.

      3.     Defendant THE AUCHTER COMPANY, ("Auchter"), is a corporation organized and existing under the laws of the State of Florida, and having a principal place

of business in the State of Florida, and, in particular, in Jacksonville, Duval County, Florida.

4.  Defendant AMELIA ISLAND COMPANY, ("AIC"), is a corporation organized and existing under the laws of the State of Delaware, and having a principal place of business in the State of Florida, and, in particular, in Nasua County, Florida.

5.  This is a cause of action seeking declaratory relief pursuant to 28 U.S.C. §2201.

6.  This is an action concerning damages exceeding $75,000.00, exclusive of costs and interests, and all Defendants are diverse from all Plaintiffs. Thus, this Court has jurisdiction pursuant 28 U.S.C. §1332.

7.  One of the Defendants resides in the geographic area of the Middle District of Florida and all Defendants have principal places of business in the State of Florida, and, in particular, in the geographic areas of the Middle District of Florida. As well, a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida. Thus, this is the appropriate venue under Section 1391, Title 28, United States Code.

8.  The Plaintiff Amerisure issued to Defendant Auchter a policy of Commercial General Liability Insurance numbered GL 2009278010004 which had a policy period of May 1, 2004 to January 1, 2006. This is herein after referred to as the 2004 Commercial General Liability Policy. A copy of the 2004 Commercial General Liability Policy is attached hereto as Exhibit A.

9.  The Plaintiff Amerisure also issued to Defendant Auchter policies of Commercial General Liability Insurance with policy periods of May 1, 2002 to May 1, 2003, and May 1, 2003 to May 1, 2004. These are herein after referred to as the 2002 Commercial

General Liability Policy and the 2003 Commercial General Liability Policy.

10. The 2004 Commercial General Liability Insurance Policy insuring language reads, in pertinent part, as follows:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement:**

   a. We will pay those sums that the insured because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period.

11. The 2004 Commercial General Liability Insurance policy issued to Defendant Auchter further provide definitions which include, *inter alia,* the following pertinent definitions:

   13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
   \* \* \*
   17. "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the same time of the "occurrence" that caused it.

12. The insuring agreement sections and the definition sections of the 2002 and 2003 Commercial General Liability policies contain the same insuring language and definitions as the 2004 Commercial General Liability policy.

13. The Plaintiff Amerisure Mutual issued to Defendant Auchter a policy of umbrella insurance which was numbered CU 2009380 and had a policy period of May 1, 2004 to January 1, 2006. This is hereinafter referred to as the 2004 Umbrella Policy and a copy of it is attached hereto as Exhibit B.

14. The 2004 Umbrella Policy issued to Defendant Auchter reads, in pertinent parts, as follows:

    A.    **COVERAGES**

        1.    **Insuring Agreement**

            a.    We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as damages which exceed the limit of "underlying liability insurance" or the "self-insured retention" because of:

                (1)    "Bodily injury",

                (2)    "Property damage", or

                (3)    "Personal and advertising injury"

caused by an "occurrence" to which this insurance applies.

15. The Plaintiff Amerisure Mutual also issued policies of Umbrella Liability Insurance to Defendant Auchter with policy periods of May 1, 2002 to May 1, 2003, and May 1, 2003 to May 1, 2004. These are hereinafter referred to as the 2002 Umbrella Policy and the 2003 Umbrella Policy.

16. The 2004 Umbrella Policy issued to Defendant Auchter contains the following pertinent definitions:

> E. **DEFINITIONS**
>
> 13. "Occurrence" means:
>
>     a. For "bodily injury" and "property damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions resulting in "bodily injury" or "property damage", or
>
>     * * *
>
> 19. "Property damage" means:
>
>     a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
>     b. Loss of use of tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

17. The 2002 and 2003 Umbrella Policies contain the same insurance coverage and the same definitions of the term "property damage" as the 2004 Umbrella Policy.

18. In 1997 through 1998, Defendant Auchter, served as general contractor for construction of buildings on Amelia Island, including the facility sometimes referred to as

5

the Amelia Island Inn, and the nearby facility sometimes referred to as the Conference Center. This was pursuant to a construction contract between Defendant Auchter and Defendant AIC that was entered into on or about April 17, 1997. This is hereinafter referred to as the Construction Contract.

19.     The Construction Contract called for Defendant Auchter to act as general contractor on the construction of a facility known as the Lodge Inn, a facility known as AIC's conference center, a facility known as a chiller building, and a facility known as the Beach Club.

20.     Defendant AIC has claimed that in or about September 2004 it began experiencing problems with portions of the tile roof on the Amelia Island Inn, and has further claimed that these problems are the result of Auchter's work on the Amelia Island Inn which work was performed pursuant to the Construction Contract.

21.     Defendant AIC has filed an Arbitration Action against Defendant Auchter which arbitration is currently pending before the American Arbitration Association and bears American Arbitration Association Case Number 33 110 Y 00224 06. This is hereinafter referred to as the Arbitration Action. A copy of Defendant "(AIC's) Statement of Nature of Dispute" is attached hereto as "Exhibit C", and is incorporated by reference. A copy of Defendant Auchter's "Answering Statement" is attached hereto as "Exhibit D", and is incorporated by reference.

22.     In its "Statement of Nature of Dispute", Exhibit C hereto, Defendant AIC contends that "[i]n or about September 2004, the concrete tile roof system for the Inn and Conference Center (referred to in this Complaint collectively as the Amelia Island Inn) began to fail, resulting in large, concrete tiles falling from the top of the Inn and Conference

6

Center, with resulting aesthetic deficiencies and danger to persons and property."

23. Defendant AIC contends in the Underlying Arbitration that the failures of the roofs on the Inn and Conference Center are the result of defective installation by Defendant Auchter and/or its subcontractors.

24. Defendant AIC contends that the defective installation manifested in September 2004.

25. In discovery in this case, two invoices have been produced that show some repair work to the roofs on the Inn and Conference Center may have occurred in 2003.

26. Defendant AIC, and, on information and belief, Defendant Auchter contend that the damages sought by Defendant AIC from Defendant Auchter in the Arbitration Action are covered by the 2004 Commercial General Liability Insurance policy issued to Defendant Auchter. Plaintiffs contend that the damages are not covered by either of these policies, thus there is an actual and justiciable controversy.

27. Defendant AIC, and, on information and belief Defendant Auchter, contend that some or all of the damages sought by Defendant AIC from Defendant Auchter in the Arbitration Action are covered by the 2004 Umbrella Policy issued to Defendant Auchter. Plaintiffs contend that the damages are not covered by the 2004 Umbrella Policy, thus there is an actual and justiciable controversy between the Plaintiffs and the Defendants.

28. Defendant AIC's claims against Defendant Auchter all concern damage to the roof and roof system for the Amelia Island Inn, and/or the Amelia Island Conference Center. Defendant AIC is seeking, in the Arbitration Action, from Defendant Auchter only repair and/or replacement of the roof.

29. All damages sought by Defendant AIC from Defendant Auchter in the

Arbitration Action are for damages that do not constitute "property damage" under the 2004 Commercial General Liability Policy.

30. All damages sought by Defendant AIC from Defendant Auchter in the Arbitration Action are for damages that do not constitute "property damage" under the 2004 Umbrella Policy.

31. In discovery in this cause of action Defendant AIC has contended that the problems with the installation of the roof manifested in September 2004. It has also produced two invoices for repairs that predate September 2004. To the extent that a determination is made in the future that the roof problems with the Inn and Conference Center roofs manifested on either of the dates of these repair invoices there is no coverage under either the 2002 or 2003 Commercial General Liability policies for the damages sought in the Underlying Arbitration because the claims in the Underlying Arbitration are not for "property damage" as that term is utilized in those policies.

32. In discovery in this cause of action Defendant AIC has contended that the problems with the installation of the roof manifested in September 2004. It has also produced in discovery two invoices for repairs that predate September 2004. To the extent that a determination is made in the future that the roof problems with the Inn and Conference Center roofs manifested on either of the dates of these repair invoices there is no coverage under either the 2002 or 2003 Umbrella Policies for the damages sought in the Underlying Arbitration because the claims in the Underlying Arbitration are not for "property damage" as that term is utilized in those policies.

33. All conditions precedent to this cause of action have been satisfied or have been waived.

8

34. Plaintiff Amerisure is currently providing Defendant Auchter with a defense, under Reservation of Rights, of the Arbitration Action.

## COUNT I
## NO COVERAGE UNDER THE CGL POLICIES

35. The averments of Paragraphs 1 through 34 are realleged and incorporated by reference.

36. Concerning the structure known as the Lodge and Inn Defendant AIC's claims against Defendant Auchter allege only that Defendant Auchter's installation of the roof on the Amelia Island Inn was defective and seek damages only for repair and/or replacement of the roof.

37. Concerning the structure known as the Conference Center Defendant AIC's claims against Defendant Auchter allege only that Defendant Auchter's installation of the roof on that structure was defective and seek damages only for repair and/or replacement of the roof.

38. If the 2002 and 2003 Commercial General Liability policies are implicated in any way neither provides coverage for the damages claimed by Defendant AIC against Defendant Auchter because the claims in the Underlying Arbitration do not involve claims for "property damage" as that term is used in the 2002 and 2003 Commercial General Liability policies.

39. The 2004 Commercial General Liability Policy issued by Plaintiff Amerisure to Defendant Auchter provides no coverage for the damages claimed by Defendant AIC against Defendant Auchter because the claim does not involve "property damage" as that term is used in the 2004 Policy, and because the damages sought are not for "property

9

damage" as that term is used in the 2004 Policy.

40. To the extent Defendant AIC is seeking to recover, or ultimately recovers, from Defendant Auchter damages that do constitute "property damage" there would be no coverage under either the 2002 or 2003 Commercial General Liability Policies for damages that are not property damage under the 2002 or 2003 Policies including, without limitation, damages for repair and/or replacement of the roof, or any parts thereof, on the Amelia Island Inn and/or the Amelia Island Conference Center.

41. To the extent Defendant AIC is seeking to recover, or ultimately recovers, from Defendant Auchter damages that do constitute "property damage" then only those such damages would be covered and there would be no coverage under the 2004 Commercial General Liability Policy for damages that are not property damage under the 2004 Policy including, without limitation, damages for repair and/or replacement of the roof, or any parts thereof, on the Amelia Island Inn and/or the Amelia Island Conference Center.

42. In this action Plaintiff Amerisure seeks a declaration that:

   (A) to the extent they are implicated neither the 2002 or 2003 Commercial General Liability Policies provides liability insurance coverage for the claims of Defendant AIC in the Underlying Arbitration against Defendant Auchter;

   (B) that should it be found that there is coverage under the 2002 or 2003 Commercial General Liability Policies for some of the damages claimed therein, the liability insurance coverage would only provide coverage for the damages that the Defendants prove are for "property

damage" as that term is used in the 2004 Policy.

40. To the extent Defendant AIC is seeking to recover, or ultimately recovers, from Defendant Auchter damages that do constitute "property damage" there would be no coverage under either the 2002 or 2003 Commercial General Liability Policies for damages that are not property damage under the 2002 or 2003 Policies including, without limitation, damages for repair and/or replacement of the roof, or any parts thereof, on the Amelia Island Inn and/or the Amelia Island Conference Center.

41. To the extent Defendant AIC is seeking to recover, or ultimately recovers, from Defendant Auchter damages that do constitute "property damage" then only those such damages would be covered and there would be no coverage under the 2004 Commercial General Liability Policy for damages that are not property damage under the 2004 Policy including, without limitation, damages for repair and/or replacement of the roof, or any parts thereof, on the Amelia Island Inn and/or the Amelia Island Conference Center.

42. In this action Plaintiff Amerisure seeks a declaration that:

   (A) to the extent they are implicated neither the 2002 or 2003 Commercial General Liability Policies provides liability insurance coverage for the claims of Defendant AIC in the Underlying Arbitration against Defendant Auchter;

   (B) that should it be found that there is coverage under the 2002 or 2003 Commercial General Liability Policies for some of the damages claimed therein, the liability insurance coverage would only provide coverage for the damages that the Defendants prove are for "property

damage" as that term is used in those policies;

(C) the 2004 Commercial General Liability Policy does not provide liability insurance coverage for the claims of Defendant AIC in the Underlying Arbitration against Defendant Auchter; and,

(D) that should it be found that there is coverage under the 2004 Commercial General Liability Policy for some of the damages claimed therein, the liability insurance coverage would only provide coverage for the damages that the Defendants prove are for "property damage" as that term is used in the 2004 Policy.

WHEREFORE Amerisure hereby requests this Court to enter declaratory relief on this matters set forth above, and prays for entry of declaratory judgment as more fully elaborated herein, together with a judgment awarding the costs and any other relief deemed appropriate by this Court.

## COUNT II
## NO COVERAGE UNDER THE UMBRELLA POLICIES

43. The averments of Paragraphs 1 through 34 are realleged and incorporated by reference.

44. Defendant AIC's claims against Defendant Auchter allege only that Defendant Auchter's installation of the roof(s) on the Amelia Island Inn and/or Amelia Island Conference Center was defective and seek damages only for repair and/or replacement of the roofs on those structures.

45. If the 2002 and 2003 Umbrella Policies issued to Defendant Auchter are in any way implicated, neither provides coverage for the damages claimed by Defendant AIC

against Defendant Auchter because the claim does not involve "property damage" as that term is used in the 2002 and 2003 Umbrella Policies, and because the damages sought are not for "property damage" as that term is used in the 2002 and 2003 Umbrella Policies.

46. The 2004 Umbrella Policy issued to Defendant Auchter provides no coverage for the damages claimed by Defendant AIC against Defendant Auchter because the claim does not involve "property damage" as that term is used in the 2004 Umbrella Policy, and because the damages sought are not for "property damage" as that term is used in the 2004 Umbrella Policy.

47. If the 2002 and/or 2003 Umbrella Policies are implicated in any way to the extent Defendant AIC is seeking to recover, or ultimately recovers, from Defendant Auchter damages that do constitute "property damage" then only those such damages would be covered and there would be no coverage under the 2002 or 2003 Umbrella Policies for damages that are not property damage under those policies including, without limitation, damages for repair and/or replacement of the roof, or any parts thereof, on the Amelia Island Inn.

48. To the extent Defendant AIC is seeking to recover, or ultimately recovers, from Defendant Auchter damages that do constitute "property damage" then only those such damages would be covered and there would be no coverage under the 2004 Umbrella Policy for damages that are not property damage under the 2004 Umbrella Policy including, without limitation, damages for repair and/or replacement of the roof, or any parts thereof, on the Amelia Island Inn.

49. In this action Plaintiff Amerisure Mutual seeks a declaration that:

 (A) neither the 2002 or 2003 Umbrella Policies provides insurance

       coverage for the claims of Defendant AIC in the Underlying Arbitration against Defendant Auchter; and

(B)    that should it be found that there is coverage under the 2002 or 2003 Umbrella Policies for some of the damages claimed in the Underlying Arbitration the liability insurance coverage would only provide coverage for the damages that the Defendants prove are for "property damage" as that term is used in those policies;

(C)    the 2004 Umbrella Policy does not provide liability insurance coverage for the claims of Defendant AIC in the Underlying Arbitration against Defendant Auchter; and

(D)    that should it be found that there is coverage under the 2004 Umbrella Policy for some of the damages claimed therein, the liability insurance coverage would only provide coverage for the damages that the Defendants prove are for "property damage" as that term is used in the policy.

WHEREFORE Amerisure Mutual hereby requests this Court to enter declaratory relief on this matters set forth above, and prays for entry of declaratory judgment as more fully elaborated in this Amended Complaint, together with a judgment awarding the Plaintiff costs and any other relief deemed appropriate by this Court.

### JURY TRIAL DEMAND

The Plaintiffs demand trial by jury on all issues so triable.

This 21 day of January, 2009.

*/s/ Thomas C. Smith*

F. Bradley Hassell, Esquire
Florida Bar No. 260592
FBH@Hassell-Legal.com
Thomas C. Smith, Esquire
Florida Bar No. 0154652
TCS@Hassell-Legal.com
Hassell, Moorhead & Carroll
Post Office Box 2229
149 S. Ridgewood Ave., Suite 301
Daytona Beach, FL 32115-2229
Phone:(386) 238-1357
Tel:    (386) 258-7406
Attorneys for Plaintiffs